SUHRHEINRICH, J. dissenting:
None of the Plaintiffs suffered any injury in this case. Plaintiffs' sentences were not increased; rather they served their sentences as originally ordered. Being offered contraceptive services, even being encouraged to accept free contraceptive services, is not an injury in fact for purposes of standing. Plaintiffs did not receive the vasectomies and their right to procreate has not been hindered in any way. Cf. Harris v. McRae , 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) (explaining that even when the government favors childbirth over abortion by subsidizing one decision over the other; such regulation does not impinge on the constitutional freedom to make those decisions because it imposed no restrictions on access to abortions); Maher v. Roe , 432 U.S. 464, 474, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977) ("The State may have made childbirth a more attractive alternative, thereby influencing the woman's decision, but it has imposed no restriction on access to abortions that was not already there.").
Plaintiffs also did not suffer any "differential treatment." See Scarbrough v. Morgan Cty. Bd. of Educ. , 470 F.3d 250, 260 (6th Cir. 2006) ("The threshold element of an equal protection claim is disparate treatment ...."). Every inmate was received the same offer. The fact that two of the three Plaintiffs exercised their right to refuse the offer and preserve their right to procreate actually underscores the point. Cf. Corbitt v. New Jersey , 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) (criminal defendants who refused plea deals to protect their right to trial by jury thereby facing a mandatory life sentence if convicted, rather than pleading guilty in return for a lesser sentence, were not denied equal protection because "[a]ll ... defendants [were] given the same choice").
For these reasons, I would affirm the district court's conclusion that the Plaintiffs lacked standing. I therefore respectfully dissent.